Thank you, your honors. My name is Stephen Babcock. I'm an assistant federal defender in the District of Montana. I represent the appellant in this matter Rodrick Gant and Taking a look at this case. This was a jury trial verdict in which the government has Conceded that they made a misstatement of law There was three counts in this case one being a Hobbs Act violation the second being a 924 C violation and the third being a 922 G The government mistakenly stated that the interstate commerce Element in regards to the Hobbs Act could also be satisfied by the stipulated fact that the gun was Manufactured outside of the state of Montana We're arguing here today, and we've briefed that and we do not believe that that is harmless I do believe that the jury was confused on the issue Because the issue was of so much importance it was the issue that was argued throughout the entirety of the case The district court on this case after a mistrial was moved for stated that the thought that defense counsel was wrong The government has since conceded that I was not wrong at that point, but now was arguing that it was harmless It was not an isolated incident And it was not clarified by the prosecutor on this case was the jury Properly instructed on the elements of a Hobbs Act robbery they were your honor but also what I think it makes it egregious on this case is the prosecutor was relating to a stipulation a Stipulation of course is also Included in with the jury instructions as evidence What more could the other than short of granting the mistrial could the district court have done to cure the problem? Well, I think a curative instruction would have been important Did you ask for one I did not ask for one because the court said right then and there that I was wrong Additionally, you know part of the job of being an assistant public defender or a public defender from time to time is disagreeing with judges Telling them judge. I think you're wrong to say it's harmless and I Specifically request a curative instruction be given right now to the jury. It was not requested He did state that I was wrong It was also brought up in the rule 29 proceeding of course, which was outside the purview of the jury At that point it was objected to and going back to the point that it was not one isolated incident the prosecutor brought it up in the opening portion of her closing and then it was rebutted by myself in defense closing, but then it was brought up again and To state that it was clarified when she says I didn't say the stipulation was that he was guilty of counts one or two But he stipulated that the gun traveled if that's not good enough for count three being interstate commerce why is it not good enough for got four counts one and two a Clarification in my opinion would be to clear up some ambiguity that didn't do anything besides muddy the waters and Clearly this was the issue through the entire case on whether or not the government adequately presented proof and Still has to be proven beyond a reasonable doubt and in taking a look at this case I think what was done by the government certainly should result in remand because the jury was confused counsel separate and apart from the disputed evidence wasn't there sufficient evidence to prove the elements of the Hobbs Act count Well in taking a look at this I would dispute that and I disputed that in my portion of the closing there was no testimony from a DEA expert talking about whether or not What cocaine is being? Manufactured overseas or out of the state of Montana the plan was to it was all fictitious, of course And there's a Ninth Circuit decision on whether that's sufficient which says that it is But there was video and or audio tape of them discussing the robbery of a drug dealer who was coming from Arizona Yes That is correct Well, I think when you take a look at the Rodriguez case It certainly stands that a fictitious ATF sting operation in of itself cannot be the defense and that was conceded at the rule 29 But I think that there is a distinction is because in most of all the cases when we're talking about ATF sting operations we're talking about someone buying cocaine or stealing cocaine and in this particular instance Everybody knew that there wasn't any cocaine even mr. Gannon is co-conspirator and we do have cases that talk about actual money itself Not being enough and the Seventh Circuit has said that that is a weak lead in order to determine Whether or not there's interstate commerce on this case So in taking a look at this and I think and I would ask this court Not to get into a situation of determining guilt or innocence I think what we need to take a look at is whether or not there was a substantial influence that could have been created by what the government did in this particular case and I guess I would respectfully disagree with the district court in stating that the jury was not confused The jury certainly could have been confused in talking about the one element and then coming to the conclusion Well, we don't even have to get to that position. They've stipulated to all the elements on the case Told us I think that you objected at the time when this statement was made And the court indicated that that they thought it was harmless and that at that point you did not request a specific Instruction did you request a specific instruction on this issue before the jury retired? No What was not requested? The district court and in my opinion the district court Didn't even get to the point of whether or not it was harmless or not The district court at that time believed that the government was right which of course right after that in post trial briefing the Government conceded that they were wrong. The judge acknowledged that they were wrong at that particular time So a curative instruction was not asked for Certainly in that particular instance hindsight's always 20-20, but when the judge is saying that you're wrong I guess I think it would be hard to ask them for a curative instruction when they didn't when the court didn't think I Was wrong. Well hindsight's a two-way street Sometimes we're looking at what a prosecutor does or does not do and sometimes we look at what defense counsel do or do not Do you want to save some time? Yes, if I could save the remaining time for rebuttal. I appreciate it. Thank you Good Morning your honors. My name is Leif Johnson may please the court For the record. I was not trial counsel in this case Are you bragging or complaining? I'm hoping you'll sympathize with my position here. You're The same we're not we're not talking about a piece of evidence or a theory We're talking about an element of the offense Absent an interstate commerce connection. There's no Hobbs Act violation, right? Yes, your honor It wasn't a statement of law your law student would understand the difference Between the gun and the substantive offense wouldn't he or she? You know About a first-year prosecutor I Think it's fair to say that the prosecutor was not aware of this courts decisions That would have clarified that clearly your honor the Peterson case clarified that The but but what I do need to point out there is that when this mistake was first made in the rule 29 Conference, you know all of the parties here sort of didn't understand really what the Hobbs Act required That's not an excuse, but that's just to say that's the genesis of how this happened There wasn't a lot of pre-trial briefing done on the Hobbs Act the defense came to trial in this case basically presenting a defense that was Foreclosed by your Rodriguez decision And so when this was first posed to the district court at the rule of 29 here Hearing the district court said jeez, you know It says in the lynch case, you know the the gun travel in interstate commerce Nobody, you know, so the district court was a little confused on that as well And so that's how this all happened and the court sort of what nobody clarified for the court What we said in our brief, which was you know If the Hobbs if the interstate nexus on the gun satisfied the Hobbs Act then every case involving a gun would be a Hobbs Act case And clearly that couldn't be so It was a clear misstatement of law. It was a fairly serious one that went But we have an analogy for that kind of error in cases your honor and one of the things I tried to point out In our rule 28 J letter was you know, the analogy here I think we're the safest analogy is is a case where There is alternate theory instruction error where the court basically instructs on two theories that might prove account the jury issues a general verdict and One of those theories turns out to be erroneous. What do you do with that? in one of the cases that that I cited in our 28 J letters from this called the polissomen case and in polissomen This court relied on a case from the Seventh Circuit Involving a wire fraud where the government where the court instructed the jury that you can prove wire fraud either by honest services fraud or pecuniary fraud, right and About that time the Supreme Court handed down the skilling decision We said no the honest services theory only applies where you have bribes and kickbacks And so that was an erroneous theory in that case. The Seventh Circuit said look we have a general verdict We don't know what happened. So they applied an objective Standard of Harmlessness to that problem and and I'm going to court as you're talking about our wire fraud mail fraud cases Yes, yes, but but it's a direct analogy here I mean you essentially in this case the prosecutor offered two ways of proving an element one of which was erroneous in that case the court Instructed the jury that there were two ways to prove the crime one of which was erroneous and and this court relied on the Seventh Circuit's test which was and I'm going to quote it Convictions would remain valid if it was quote not open to reasonable doubt that a reasonable jury would have convicted the defendants under the Proper test right and I think in this case We meet that standard and I say that because of the Rodriguez case The irony here your honor is while this was a fairly serious misstatement of the law There was no serious dispute over this element of the case And there was no serious dispute because the record clearly shows beyond that make does that make the mistake better or worse? It doesn't make it better, but it makes it harmless Because I think a reasonable jury an objective reasonable jury would still have convicted on the basis of what Rodriguez says and that is the defendant joined a conspiracy to rob a drug dealer of Proceeds that were traveling in interstate commerce for in the cocaine trade and that alone Was sufficient to establish jurisdiction and that that's the irony here the prosecutors misstatement of law it's musing on this issue, which was damaging obviously really had no point because Jurisdiction had already been proven in fact wasn't realistically disputed in the case I mean one of the things that you can gather from the record here in the rule 29 stage Is that the defense got into this case and presented a defense that was essentially already? Foreclosed by the case law and it was quite a surprise to them when they found out that the judge did the research To determine that in fact the government had met that burden Handily without testing there's something wrong with the defense attorney Setting up a challenge to higher courts of our authority No, absolutely not defense attorneys do that all the time don't they do and the defense attorney here made that clear that that's what? He was doing and he made that record although the The argument that was made in opening Statements and the argument that was sort of pursued as the theory of the defense until closing Was that this is a hypothetical operation that could have no effect on commerce because of that hypothetical nature And and it wasn't until the settlement of instructions that that argument had to change and that argument changed to being Well the government hasn't put on any proof that Interstate commerce is affected beyond sort of setting up this hypothetical was any consideration given to prosecuting this case in state court I Can't answer that. I don't know that your honor I do know that there were several of these related sting operations one of your cases this morning. It was taken on the briefs Ricky Dennis also dealt with some of these characters and apparently there was these individuals I'm sorry these individuals and and and that and that there was a concerted effort to find and Set up a sting operation to draw in some of these folks that these individuals that could have violent intentions and And might have demonstrated that they had done that in the past and in fact that was the case in the dentist There's a wonderful old 1920 1930 era u.s. Supreme Court decision with a lovely quotation from Justice Sutherland about how we expect the Prosecutor to be tough to be strong to push for their end of things, but just as they're required to Pursue and strike strong blows the blows are entitled to be fair I agree, and I take it you've read that state. I have burger. I have and You know I Think the bottom line here is that This was an Mistaken statement made out of probably lack of understanding of the case law honestly. I think that's what was going on Mr.. Johnson, I have a question of you As I understood mr. Babcock he was saying and perhaps I'm wrong because I may not have caught at all, but he's saying That since the fictitious Courier from Arizona was carrying only money and not cocaine then Somehow this was not affecting interstate commerce Was that argued in the district court No, it was not your honor and frankly that that doesn't satisfy that legal test money in That's what maybe mr. Mr.. Babcock and clear me up on that later on in his rebuttal All right, thank you. Yeah, you know I I guess I would clarify for the court You know I don't think this courts precedent in in certainly in Rodriguez But in also some of the related cases Marrero and Lynch Make any there's just no question that what the government presented here satisfies the Hobbs act jurisdictional test This is a direct-effects test there was some confusion about that as well in the trial court somebody who is arriving in Montana with money to buy drugs and Particularly cocaine is a person who is directly engaged in commerce and so all the government has to show in that case is Is a slight or potential probable or in this case hypothetical impact and that is sufficient And let me ask you one more question while I have your attention Instruction number 25 Says that Mr. Dan possessed a Firearm in and affecting interstate commerce Was that a stipulated instruction or was that one that was given over his objections? That was stipulated your honor. Thank you Thank You counsel your time has expired rebuttal Mr. Babcock did I misunderstand you? No, you did not misunderstand me your honor And I think that the reason why is that the Rodriguez case in my opinion does not bar anybody from bringing forward a defense of a jurisdictional element for a Hobbs Act violation I mean it didn't change the entire statute in written of its obligation for the government to establish federal subject matter jurisdiction But I think you you would agree that whether the phony Drug carrier was said to be carrying money to be robbed or carrying cocaine to be robbed If he was coming from Arizona, he was in Commerce well I think that there can be a distinction with that and taking a look at the Seventh Circuits decision in Peterson and just about all these ATF sting operations Which are a hot issue across the United States now is that it's always that it's cocaine's is being robbed Because they can link it to the Controlled Substance Act They can also link it to the fact that cocaine is manufactured out out of the United States More or less certainly out of Montana in this particular instance There was never ever any cocaine. The only person that thought there was cocaine in this case was a drug dealer that didn't exist So in order to attach it to the cocaine I think that's overstepping and I still believe that you can bring forward a defense on Interstate Commerce even with Rodriguez Rodriguez did not get rid of that element in 1951 if the carrier was carrying money in interstate commerce as a result of a supposed Controlled Substance Act violation. Does it make any difference whether he was carrying money or cocaine? I think it does and I think that why I think that the Peterson case because in the Peterson case They discuss and they actually say the money situation is a weak read that's because there's money every single place in every single corner of this country and They're saying that the fact that money is manufactured out of specific state is not that way in the Peterson case They said if it was just robbing someone for money Every single case at a local level would in fact become a Hobbs Act violation Invoking subject matter jurisdiction in this particular case in taking a look at what? Pellismon is said, but that's not what happened here er 275 we see some Indication that the money that what this man would be right bringing was bricks The guys coming up from Arizona with one to four bricks of cocaine he pays for half up front But I'm not going to have any bricks. It's all drug money. That's what that's all about drug money drug money and Bricks, okay. He doesn't come up with the bricks, but he is talking about drug money Well, and I think in taking a look at that situation that is something that was never really fleshed out for the jury in this particular case and In taking a look at and you can read the rebuttal and closing from the government Of course they were referring to the stipulation which they've conceded now in reference to that is an air But then they also get to the situation where they set up what they believe in the fictitious drug scheme created Interstate commerce you can still argue interstate commerce and in talking about the Pellismon case that the government has brought up here today There was jury instructions and a special verdict form in that case where they actually checked a valid theory for conviction in an invalid theory for conviction and In that case the court said well because they convicted him on the valid reason of conviction Well, of course, we should just not set it aside. That's not what we have in this particular case the most disputed element on this case Was reiterated about the government as far as saying that interstate commerce was on a stipulation The jury instructions on this case did nothing besides muddy the waters and we respectfully ask for remand. Thank you counsel Thank you to both counsel Case just argued is submitted for decision by the court
judges: Hawkins, Rawlinson, Bea